UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    c/o United States Attorney<br>    Judiciary Center Building<br>    555 Fourth St., N.W.<br>    Washington, D.C.  20530,<br><br>                          Plaintiff,<br><br>            v.<br><br>$14,028.68 IN UNITED STATES<br>CURRENCY,<br><br>                          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

1. This is a civil forfeiture action, *in rem*, brought to enforce to enforce 18 U.S.C. §§ 981 (a)(1)(A) and (a)(1)(C), which provide for the forfeiture of any real or personal property that: (1) is involved in a transaction in violation of 18 U.S.C. § 1956 or 1957; or (2) constitutes or is derived from proceeds traceable to, among other offenses, any offense that is a "specified unlawful activity" of the federal anti-money laundering statutes.  This action is also brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys that are exchanged for controlled substances, are traceable to such an exchange, or are used or intended to be used to facilitate a violation of 21 U.S.C. § 801 *et seq*.

2. This Court has jurisdiction over this matter by virtue of  28 U.S.C. §§ 1345 and 1355(a).  Venue is established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

3. The $14,028.68 (hereafter "defendant property") was seized by the United States in the District of Columbia and is more fully described as:

> Fourteen thousand twenty-eight and 68/100 ($14,028.68) dollars in United States currency seized on June 27, 2005, from Bank of America savings account number 003939312824 and checking account number 001920922940.

4. The defendant property is presently under the custody and control of the United States Marshals Service within the geographical boundaries of the District of Columbia.

5. Administrative forfeiture proceedings were commenced against the defendant property by the Washington Divisional Office of the Federal Bureau of Investigation. Larnell Seeney filed an administrative claim on February 17, 2006 asserting an interest in the defendant property.

## BASIS FOR FORFEITURE

6. On June 7, 2005, Alcohol, Tobacco and Firearms-High Intensity Drug Trafficking Area ("ATF-HIDTA") Task Force agents (hereinafter "law enforcement officers") executed a search warrant at xxxx x$^{xx}$ xxxxxx, xx, Washington, D.C. The warrant was based on information that law enforcement officers developed which indicated that an individual was storing large quantities of illicit narcotics and cash on these premises. A second search warrant was also executed on a Toyota Avalon registered to Larnell Seeney's mother.

7. During the execution of the search warrant on the residence, law enforcement officers found Larnell Seeney in the basement of the residence and recovered drugs and other items, from various locations in the basement, including the following:

- Identification cards in the name of Larnell Seeney and mail matter addressed to him on a table near a bed;

- Approximately 135 grams of crack cocaine, 76 grams of heroin, 29.7 grams of

- amphetamine (FTP), 664.6 grams of cocaine, rubber gloves, and drug packaging material;

- A loaded Bryco Arms, 9mm semiautomatic pistol containing six rounds of 9mm ammunition near an air duct in the laundry room of the basement; and

- United States currency totaling approximately $13,706.00 from various locations in the basement bedroom and laundry room, including in plastic bags and in a water jug.

8. On June 7, 2005, when law enforcement officers executed the search warrant, Larnell Seeney was the only occupant of the bedroom basement at xxxx x$^{xx}$ xxxxxx, xx. The owner of the residence is the mother of Larnell Seeney. She told law enforcement officers that no other persons stayed in or occupied this basement bedroom.

9. Court records indicate that Larnell Seeney has prior drug-related arrests and a conviction for Attempted Possession of Cocaine.

10. During the execution of the search warrant on the Toyota Avalon, law enforcement officers recovered documents in the name of Larnell Seeney with the address of xxxx x$^{xx}$ xxxxxx, xx, Washington, D.C. These documents included an application printout for the Federal Student Aid Program in Larnell Seeney's name. This application printout indicated that Larnell Seeney: (1) was a full-time student; (2) had no income from work; and (3) would not be filing a 2004 income tax return.

11. After law enforcement officers executed the search warrants, a seizure warrant was issued on June 23, 2005, by the United States District Court for the District of Columbia, authorizing the seizure of any and all assets in Larnell Seeney's savings account (account number xxxxxxxx2824) and his checking account (account number xxxxxxxx2940).

12. A check of employment records in the District of Columbia, Maryland, and Virginia

3

disclosed that Larnell Seeney has no known employment.

13.  Based on the events of June 7, 2005, on February 28, 2006, Larnell Seeney entered guilty pleas to one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1), and one count of Possession with Intent to Distribute Cocaine, in violation of D.C. Code Section 48-904.01(a)(1).

## COUNT I

14.  All statements and averments made in paragraphs 1 through 13 are re-alleged and incorporated, herein, by reference.

15.  The defendant property is subject to forfeiture because there is reason to believe that the defendant property was involved in a transaction in violation of 18 U.S.C. § 1956, and is therefore subject to forfeiture pursuant to 18 U.S.C § 981(a)(1)(A).

## COUNT II

16.  The allegations contained in paragraph numbers 1 through 13 are realleged and incorporated, herein, by reference.

17.  The defendant property is subject to forfeiture because there is reason to believe that the defendant property constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" and is therefore subject to forfeiture pursuant to 18 U.S.C § 981(a)(1)(C).

## COUNT III

18.  The allegations contained in paragraph numbers 1 through 13 are realleged and incorporated, herein, by reference.

19.  The defendant property is subject to forfeiture because there is reason to believe that

the defendant property is monies that were exchanged for controlled substances, are traceable to such an exchange, or were used or intended to be used to facilitate a violation of 21 U.S.C. § 801 *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C § 881(a)(6).

20.     WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W., Room 4818
Washington, D.C.  20530
(202) 514-7250

VERIFICATION

I, Paul Cavanagh, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture <u>in rem</u> is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this _16__ day of May 2006.

 _____/s/_____
 Paul Cavanagh
 Special Agent
 Federal Bureau of Investigation